UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE


CIVIL ACTION NO. 09-149-GWU


DANNY C. YONTS, JR.,                                                    PLAINTIFF,


VS.                                    **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


## INTRODUCTION

Danny Yonts brought this action to obtain judicial review of an unfavorable

administrative decision on his applications for Disability Insurance Benefits and for

Supplemental Security Income.  The case is before the court on cross-motions for

summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity?
      If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful
      activity, does he have any "severe" impairment or combination
      of impairments--i.e., any impairments significantly limiting his
      physical or mental ability to do basic work activities?  If not, a
      finding of non-disability is made and the claim is denied.

3.  The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.  At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.  If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had.  E.g.,  Faucher

v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the

ways for the Commissioner to perform this task is through the use of the medical

vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2

and analyze factors such as residual functional capacity, age, education and work

experience.

One of the residual functional capacity levels used in the guidelines, called

"light" level work, involves lifting no more than twenty pounds at a time with frequent

lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting

most of the time with some pushing and pulling of arm or leg controls; by definition,

a person capable of this level of activity must have the ability to do substantially all

these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having

the capacity to lift no more than ten pounds at a time and occasionally lift or carry

small articles and an occasional amount of walking and standing.  20 C.F.R. §

404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly

diminishes his capacity to work, but does not manifest itself as a limitation on

strength, for example, where a claimant suffers from a mental illness . . .

manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Yonts, a 38-year-old former mechanic and night watchman with a "limited" education, suffered from impairments related to obesity, degenerative disc disease with chronic back pain, chronic obstructive pulmonary disease/asthma, and an anxiety disorder.  (Tr. 20, 26-27).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 24, 26).  Since the available work

was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 27-28).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 27).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Ralph Crystal included an exertional limitation to light level work, restricted from a full range by such non-exertional limitations as (1) an inability to more than frequently stoop, kneel, crouch or crawl; (2) a need to avoid concentrated exposure to full body vibrations, fumes, odors, dust and gases; (3) a need to avoid exposure to hazards such as unprotected heights and dangerous machinery; (4) a mental limitation to simple and non-detailed work procedures and instructions; and (5) an inability to maintain attention and concentration for more than two hour time periods across a normal workday.  (Tr. 348).  The ALJ indicated that the individual would be able to handle routine mental aspects in making work-related decisions without special supervision and follow a regular schedule, tolerate co-workers and accept supervision in an object-focused context with infrequent and casual contacts and be able to adapt to gradual changes.  (Tr. 348-349).  In response, Crystal identified a significant number of jobs which could still be performed.   (Tr. 349-350).

Therefore, assuming that the vocational factors considered by the expert fairly characterized Yonts's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  Dr. Daniel Stewart examined Yonts and diagnosed chronic low back pain, hypertension, morbid obesity and tobacco abuse.  (Tr. 229).  The doctor reviewed an MRI scan of the plaintiff's lumbar spine which revealed minimal left paracentral subligamentous disc herniation at L4-L5 and a slight central annular bulge at the L5-S1 level.  (Id.).  A Doppler ultrasound of the left lower extremity showed no evidence of left extremity deep vein thrombosis.  (Id.).  An x-ray of the left knee revealed only mild osteoarthritis.  (Id.).  While the claimant walked with a cane, this did not appear to be medically necessary.  (Tr. 228).  The lungs were clear.  (Id.).  Range of motion was within normal limits.  (Tr. 229).  Dr. Stewart concluded that the claimant had no physical impairment which would preclude work activity.  (Tr. 230).  The ALJ's findings were consistent with this opinion.

Dr. David Swan, a non-examining medical reviewer, was the only other medical professional to address the issue concerning Yonts's physical restrictions.[1]

_____

[1]Tracie Jackson reviewed the record in May of 2007 and indicated that the plaintiff could perform the full range of medium level work.  (Tr. 231-238).  Jackson was not an "acceptable medical source" under the federal regulations.  20 C.F.R. § 404.1513.

Dr. Swan  opined in September of 2007 that the plaintiff could perform the full range of medium level work.  (Tr. 258-266).  The ALJ's far more restrictive limitations are compatible with this opinion.

No treating or examining source of record, including the staff at Appalachian Regional Healthcare (Tr. 159-194, 272-274, 294-295), the staff at Norton Community Hospital (Tr. 195-198), the staff at the Pikeville Medical Center and Dr. Kevin Gooch (Tr. 267-271) reported the existence of more severe physical restrictions than those found by the ALJ.  Therefore, these reports also support the administrative decision.

Yonts argues that the ALJ erred in evaluating the evidence pertaining to his physical condition.  He initially asserts that the ALJ erred because only non-examining sources addressed the issue of physical restrictions and these sources did not have the opportunity to see a large number of medical exhibits which came into the record after September, 2007.  The plaintiff argues that Dr. Swan only affirmed the opinion of Jackson who was not a medical doctor and that this reliance upon Jackson was misplaced.  However, Dr. Stewart examined the claimant and specifically indicated that he did not suffer from any physical restrictions which would preclude work activity.  (Tr. 230).  While Dr. Swan affirmed the findings of Jackson, he did so after his own review of the record and, so, his findings were those of an "acceptable medical source."   The additional medical records which

came into evidence after Dr. Swan's review did not indicate the existence of more severe physical limitations than those found by the ALJ.  The plaintiff carried the burden of producing sufficient evidence to prove his disability claim and failed. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).  Therefore, the court must reject the argument of Yonts.

Yonts argues that the ALJ's residual functional capacity finding was not formulated by a physician.  The defendant notes that responsibility for formulating this is reserved to the Commissioner.  20 C.F.R. § 404.1527(c).  In this action, the ALJ was guided by the opinions of Dr. Stewart, who found no functional restrictions, and Dr. Swan, who limited him to the full range of medium level work.  No treating, examining or reviewing medical source indicated the need for more severe physical restrictions than those found by the ALJ.  The ALJ's limitation to a restricted range of light level work was actually far more favorable to the plaintiff than the medical record required.  Therefore, the court finds no error.

Yonts argues that the ALJ did not properly evaluate his subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain

arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Yonts was found to be suffering from a potentially painful condition.  However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs.  As previously noted, Dr. Stewart, the examiner, imposed no physical restrictions which would restrict work activity and Dr. Swan, the reviewer, thought he could perform the full range of medium level work.  With regard to evidence received after Dr. Swan's review, the staff at Appalachian Regional Hospital reported complaints of low back pain in December of 2007.  (Tr. 272).  However, an MRI scan the previous August did not reveal radiculopathy. (Id.).  A CT scan of the lumbar spine did not reveal fracture, malalignment or disc herniation.  (Tr. 274).  In March of 2008, the claimant complained to Dr. Gooch of severe pain and stiffness in his shoulder.  (Tr. 267).  An x-ray was negative.  (Id.).  Despite advice from Dr. Gooch to quit smoking, the claimant continued to smoke cigarettes.  (Tr. 271, 338).  Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.  Therefore, the ALJ would appear to have properly evaluated Yonts's pain complaints.

Yonts also suffered from mental impairments.  The plaintiff has not raised any issues concerning the ALJ's treatment of the evidence relating to his mental condition.

The court notes that Yonts submitted additional medical records directly to the Appeals Council which were never seen by the ALJ.  (Tr. 296-318).  This action raises an issue concerning a remand for the taking of new evidence before the Commissioner.  Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C. § 405(g).  It is obvious that such evidence must be reviewed (if at all) by the administrative agency, rather than by the court of first instance.  The statute provides that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding.  Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988).  In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  Sizemore, 865 F.2d at 711.  In the present action, Yonts has failed to adduce arguments as to why such a remand would be required.

The undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 20th day of August, 2010.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**